PUBLIC CITIZEN, et al., Plaintiffs,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 84–2938.

United States District Court,
District of Columbia.

Jan. 14, 1985.

Eric R. Glitzenstein, William B. Schultz, Alan B. Morrison, Washington, D.C., for plaintiffs.

Jacqueline H. Eagle, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs Public Citizen, the American Public Health Association and others brought this suit seeking to compel the Secretary of Health and Human Services (HHS) to act on a petition asking her department to ban all domestic sales of raw milk and raw milk products. Contending that federal officials have long known of serious risks to human health from consumption of raw milk, plaintiffs contend that the Secretary has unreasonably delayed her decision in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1). The case is before the Court on cross-motions for summary judgment, which have been fully briefed by the parties.

### I. The Facts

The facts are essentially undisputed. Raw milk is milk that has not undergone pasteurization, the familiar process whereby harmful bacteria are destroyed by heating the milk to a point below boiling. In 1973, the Food and Drug Administration (FDA) proposed and adopted a regulation requiring that all milk moving in interstate commerce be pasteurized.[1] After receiving an objection from a producer of what is known as "certified" raw milk,[2] the FDA

---

1. 38 Fed.Reg. 27,924; 37 Fed.Reg. 18,392.

2. "Certified" raw milk is that produced under standards established by the American Association of Medical Milk Commissions. Those stan-

stayed the pasteurization requirement as to certified raw milk but put it in effect for all other milk and milk products, as of December 5, 1974.[3] The stay order published that date states that the FDA Commissioner "still concludes that there are serious safety problems associated with certified raw milk ... and that only pasteurized milk should be shipped for beverage use in interstate commerce" but that a public hearing would be held to resolve the factual dispute over whether certified raw milk was sufficiently safe. 39 Fed.Reg. 42,351. No such hearing has ever been held, and the stay order has remained in effect.

Between 1974 and 1982, the FDA accumulated evidence of the association of certified raw milk with human disease. It concluded in 1982 that the consumption of certified raw milk had been linked "to the outbreak of serious disease." [4] In particular, as documented by the federal Centers for Disease Control, there had been a number of outbreaks of two serious bacterial diseases, campylobacteriosis and salmonellosis, which typically produce bloody diarrhea, usually lasting several days but sometimes several months.[5] On rare occasions these diseases result in death. A number of states had banned all sales of raw milk in the interim,[6] and the American Academy of Pediatrics in 1980 proposed a federal ban on its marketing.

In 1982, the FDA began drafting a proposed regulation to ban all interstate sale of raw milk and raw milk products. FDA Commissioner Arthur Hayes sent the proposed regulation to the Secretary of Health and Human Services on April 25, 1983. In an attached memorandum supporting the regulation, he concluded that consumption of raw milk "presents a significant public health problem" and that pasteurization was the only feasible way to assure the safety of milk. This proposed rule has never been published.

The director of the Centers for Disease Control also stated in 1983 that raw milk is "inherently unsafe" and that there is a "wealth of evidence" associating its consumption with disease.

In late 1983 and early 1984, Dr. Edward N. Brandt, Jr., the HHS Assistant Secretary for Health, sent to the Secretary "new and further compelling evidence" on the link between raw milk and a particularly serious form of salmonellosis. He concluded that consumption of raw milk was "a serious public health risk" and that a ban on interstate sales was "most advisable."

Plaintiff Public Citizen filed a formal petition on April 10, 1984 asking Secretary Heckler to ban all domestic sales of raw milk and raw milk products. In response to further correspondence from the group, in a letter dated June 6, 1984, the Secretary told Dr. Sidney Wolfe of Public Citizen that the matter "is under active consideration." She gave no schedule for reaching a conclusion and indicated that the agency would hold an informal public hearing on the matter. In another letter of September 4, 1984, the Secretary stated that the issue "has been periodically reviewed within the Department for many years without definitive resolution," and she again refused to indicate when a resolution might be made.

dards are significantly different from those used in the production of raw milk in general. For example, vacuum hoses that pump milk from cows are required to be designed so that they never touch any source of contamination. The FDA is aware of only two dairies that sell certified raw milk in interstate commerce.

3. 39 Fed.Reg. 42,351.

4. Declaration of Eugene T. McGarrahan, special assistant for dairy sciences to the associate director for nutrition and food sciences at FDA's Center for Food Safety and Applied Nutrition, at ¶ 7.

5. A particularly strong link with raw milk consumption was found in an especially virulent form of salmonellosis caused by the *salmonella dublin* bacterium, which often invades sites outside the intestine such as the lung and spinal fluid.

6. Commercial sale of unpasteurized milk to the final consumer is banned in 20 states and allowed in 24. The other six allow sale of unpasteurized milk only by dairy farmers directly to final consumers. Testimony of Dr. Morris Potter, Centers for Disease Control, Def.Ex. 1 at 112.

This lawsuit was filed on September 19, 1984.

The informal hearing was held on October 11 and 12, 1984. The results of that hearing are under review by the agency. No timetable for further action, if any, has been forthcoming.

## II. Analysis

██ The Administrative Procedure Act requires each agency to "proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). Reviewing courts have the authority to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In deciding whether agency action has been "unreasonably delayed," the court "should consider the nature and extent of the interests prejudiced by delay, the agency justification for the pace of decision, and the context of the statutory scheme out of which the dispute arises." *Public Citizen Health Research Group v. Comm'r of Food and Drugs*, 740 F.2d 21, 35 (D.C.Cir. 1984). "Delays that might be altogether reasonable in the sphere of economic regulation are less tolerable when human lives are at stake." *Public Citizen Health Research Group v. Auchter*, 702 F.2d 1150, 1157 (D.C.Cir.1983).

██ There is ample legal authority for the action for which Public Citizen petitioned the Secretary. Under both the Public Health Service Act's authorization for regulations to control communicable diseases, 42 U.S.C. § 264, and the Food, Drug and Cosmetic Act's provisions for the control of adulterated foods, 21 U.S.C. § 342, the Secretary has both the authority and the heavy responsibility to act to protect the nation's health in situations such as this one.

The facts here speak for themselves and need little elaboration. Officials at the highest levels of the Department of Health and Human Services have concluded that certified raw milk poses a serious threat to the public health. Leading health organizations are unanimous in proposing that sales of any raw milk should be banned.[7] The Food and Drug Administration has twice proposed, in 1973 and 1983, that all milk in interstate commerce be pasteurized. Hundreds of cases of serious gastrointestinal infections have been reported since the ban on raw milk sales was first proposed.

This Court is not asked to decide the substantive merits of a ban on raw milk sales.[8] The only issue here is the reasonableness of the agency's delay, and the only remedy sought is a judicially established schedule for agency action.

The Department's justification for its continued delay is lame at best and irresponsible at worst. In its papers filed in this lawsuit, the Department admits that "the consumption of 'certified' raw milk ... has been linked to the outbreak of serious disease...." McGarrahan Declaration at ¶ 7. In the face of overwhelming evidence, the Department insists, however, that further study is warranted because "the issue is controversial and complicated."[9] Since its own top health officials[10] are on the record to the contrary, this assertion can be given no credence. As to the Department's related assertion that it needs time to study regulatory options such as a warning label on milk bottles in lieu of a ban on sales, such study has been underway for nearly two years, and still no agency action has been proposed.

The Department also asserts that interstate sales of certified raw milk are "negli-

---

7. Organizations supporting a pasteurization requirement for all milk for human consumption include the American Academy of Pediatrics, the Association of Food and Drug Officials, the American Veterinary Medical Association and HHS's own Centers for Disease Control.

8. Accordingly, defendant's contention that the question is not ripe for review because there is no final agency action is misplaced.

9. Defendant's memorandum in support of summary judgment motion at 15.

10. As noted above, the Commissioner of Food and Drugs, the director of the Centers for Disease Control and the Assistant Secretary for Health all have made unequivocal statements in support of a ban on interstate raw milk sales, including certified raw milk.

gible." While it has offered no facts supporting this, any such figures are meaningless if the risk per sale is high, as the Department's own statistics indicate.[11] The volume of interstate sales also does not address the safety of intrastate sales, which plaintiffs also have proposed to ban.

"When the public health may be at stake, the agency must move expeditiously to consider and resolve the issues before it." *Public Citizen Health Research Group v. Commissioner of Food and Drugs,* 740 F.2d at 34. The Department has wholly failed to meet that mandate here.

Accordingly, the plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied. An appropriate Order setting out a schedule for agency action is filed herewith.

### ORDER

Upon consideration of the parties' cross-motions for summary judgment, the briefs of counsel, and the entire record herein, for reasons stated in an accompanying Memorandum, it is hereby

ORDERED that the plaintiffs' motion for summary judgment is granted and the defendant's motion for summary judgment is denied, and judgment is entered for plaintiffs, and it is further

ORDERED that defendant shall publish within 60 days a proposed rule reflecting its decision on plaintiffs' petition, and shall proceed expeditiously to complete any ensuing rule-making proceeding.

---

**11.** A recent review by the FDA's Bureau of Foods found that an individual consuming certified raw milk was 51 times more likely than a person consuming pasteurized milk to be infected with *Salmonella dublin.* Plf.Ex. J.